UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
──────
No. 6:20-cv-00584
──────

**William Runnels,**
*Petitioner,*

v.

**Sheriff, Gregg County,**
*Respondent.*
──────

# ORDER

Petitioner William Runnels filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his misdemeanor conviction for assault and family violence. Doc. 1. His case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. §636(b). Doc. 2.

On December 8, 2020, the magistrate judge issued a report recommending that the lawsuit be dismissed without prejudice for failure to exhaust state remedies. Doc. 6. The report also noted that the petition could have been dismissed for failure to prosecute or failure to obey an order of the court, as petitioner did not pay the filing fee or seek leave to proceed in forma pauperis after being directed to do so. *See id.*; Doc. 3.

Petitioner filed an objection to the magistrate judge's report, arguing that he did not exhaust his state remedies because the state courts will not treat him fairly. Doc. 9. When a party objects to a magistrate judge's report, the court reviews the objected-to portions of the report de novo. *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Petitioner's objections center on his fear of unfair treatment at the hands of Texas state courts. Specifically, petitioner urges that "he has . . . provided affirmative evidence and argument that he would not receive a far [sic] shake at justice

and that such redress to the state level will be time consuming, costly, and inflict unnecessary stress[.]" Doc. 9 at 2. Accordingly, he asks the court to waive the exhaustion requirement pursuant to 28 U.S.C. § 2254(b)(1)(B)(ii), which exempts a person in custody from the exhaustion requirement if "circumstances exist that render such process ineffective to protect the rights of the applicant." Doc. 9 at 2.

In the Fifth Circuit, the exhaustion requirement may be bypassed only "where exceptional circumstances of peculiar urgency mandate federal court interference." *Williams v. Stephens*, 620 F. App'x. 348, 349 (5th Cir. 2015) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)). For instance, a federal court may grant habeas relief despite a failure to exhaust if seeking state remedies would be futile. *See Deters*, 985 F.2d at 795 n. 16. Petitioner has established neither "an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect his rights." *Moon v.* Collins, 22 F.3d 1093, 1093 (5th Cir. 1994) (per curiam) (citing 28 U.S.C. § 2254(b)) (cleaned up). Accordingly, petitioner's objections are **overruled**.

Further, even if petitioner's exhaustion arguments were meritorious, his failure to obey a court order would also justify dismissal. *See Woods v. Social Sec. Admin.*, 313 F. App'x. 720, 721 (5th Cir. 2009) (holding that it was not an abuse of discretion to dismiss when the plaintiff failed to obey a court order to pay a filing fee, particularly where dismissal was without prejudice). On November 5, 2021, the magistrate judge ordered petitioner to either pay the statutory filing fee or to furnish an application for leave to proceed in forma pauperis by December 4, 2020. Petitioner did not respond to this order, nor did he address it in his objections to the magistrate judge's report.

Thus, having reviewed the magistrate judge's report de novo, petitioner's objections are **overruled**. The court **accepts** the magistrate judge's findings and recommendation. Peti-

tioner's habeas corpus petition is **dismissed without prejudice** for failure to exhaust state remedies and failure to prosecute or to obey an order of the court. A certificate of appealability is **denied** sua sponte, with such denial relating only to an appeal of this case and having no effect upon the petitioner's right to seek relief in state court or to refile in federal court in the event the state courts do not grant him the relief he seeks.

*So ordered by the court on January 28, 2021.*

J. CAMPBELL BARKER
United States District Judge